

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LUMBER LIQUIDATORS LEASING, LLC, | ) |
| and | ) |
| LUMBER LIQUIDATORS, INC., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 3:13cv313 |
| SEQUOIA FLOORINGS, INC., | ) |
| DANIEL BENCHETRIT, individually, | ) |
| and | ) |
| GERALD BENCHETRIT, individually, | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs, Lumber Liquidators Leasing, LLC ("Leasing") and Lumber Liquidators, Inc. ("LLI") (collectively, "Lumber Liquidators"), by counsel, file their Complaint against Defendants Sequoia Floorings, Inc. ("Sequoia"), Daniel Benchetrit, individually, and Gerald Benchetrit, individually (collectively, the "Defendants"), on the grounds set forth below:

### PARTIES

1. Leasing is a Delaware limited liability company with its principal place of business in Toano, Virginia.

2. LLI is a Delaware corporation with its principal place of business in Toano, Virginia. LLI is the sole member and manager of Leasing.

3. Sequoia is a Canadian corporation, with its principal place of business in Laval, Quebec, in the foreign country of Canada.

4. Daniel Benchetrit and Gerald Benchetrit are individuals who may reside in Canada.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), in that the Plaintiffs are citizens of a State and the Defendants are citizens or subjects of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and/or (3) and because Lumber Liquidators and Sequoia irrevocably submitted to the exclusive jurisdiction of this Court.

## BACKGROUND

7. On or about September 28, 2011, Leasing and the Defendants executed an Asset Purchase Agreement (the "APA"). A true and accurate copy of the APA is attached as Exhibit A to the Plaintiffs' Motion to file Exhibits Under Seal.

8. At the closing of the APA, Leasing deposited a portion of the purchase price (the "Escrow Amount") with SunTrust Bank (the "Escrow Agent") to be held and disbursed in accordance with the APA and the Escrow Agreement (as hereinafter defined).

9. Pursuant to the APA, the Defendants agreed to indemnify Leasing and LLI from and to reimburse Leasing and LLI for any and all losses which Leasing and LLI may incur as a result or in connection with any and all obligations of any of the Defendants. See Exhibit A to the Plaintiffs' Motion to file Exhibits Under Seal.

10. Simultaneous with the execution of the APA, Leasing and Sequoia also executed

an Escrow Agreement (the "Escrow Agreement"). A true and accurate copy of the Escrow Agreement is attached as <u>Exhibit B</u> to the Plaintiffs' Motion to file Exhibits Under Seal.

11. The Escrow Agreement provided that the Escrow Amount would be used to reimburse Lumber Liquidators for product claims or the indemnity obligations of the Defendants. <u>See</u> Exhibits A and B to the Plaintiffs' Motion to file Exhibits Under Seal.

## COUNT I: EXPRESS INDEMNITY

12. Lumber Liquidators incorporates by reference the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13. Lumber Liquidators has suffered losses as a result of the obligations of Sequoia.

14. Specifically, Sequoia supplied materials to Lumber Liquidators that had various manufacturing related issues and failed to comply with Lumber Liquidators' required specifications. As a result of these issues, Lumber Liquidators suffered losses in the amount of $500,000 due to claims from Lumber Liquidators' customers resulting directly from these issues with Sequoia's products (the "Losses").

15. Lumber Liquidators gave timely notice in writing to the Defendants of these Losses.

16. The Defendants, however, failed to indemnify Lumber Liquidators for the Losses.

17. Thereafter, Lumber Liquidators gave notice to the Defendants and the Escrow Agent of the Losses.

18. As a result of the foregoing, Sequoia, Daniel Benchetrit, individually, and Gerald Benchetrit, individually, are liable to Lumber Liquidators, jointly and not severally, in the amount of $500,000, together with Lumber Liquidators' attorneys' fees, costs, expenses, and pre-judgment and post-judgment interest.

## COUNT II: DISBURSEMENT OF ESCROW AMOUNT

19. Lumber Liquidators incorporates by reference the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. As a result of the Losses which are described above, Lumber Liquidators has valid product claims and, as described herein, the Defendants owe obligations to indemnify Lumber Liquidators from the Losses.

21. Lumber Liquidators has satisfied all requirements and procedures of the APA and the Escrow Agreement for the disbursement of the Escrow Amount to Lumber Liquidators.

22. Sequoia, however, has requested that the Escrow Agent disburse the Escrow Amount to Sequoia instead of Lumber Liquidators.

23. The Escrow Agent is currently holding the Escrow Amount pending adjudication of the rights of Lumber Liquidators and Sequoia by a court of competent jurisdiction pursuant to the terms of the Escrow Agreement.

24. There exists, therefore, an actual controversy of a justiciable issue between Lumber Liquidators and Sequoia within the jurisdiction of this Court regarding the rights, obligations, burdens and liabilities of the parties under the Escrow Agreement.

25. Lumber Liquidators, therefore, requests that the Court interpret the Escrow Agreement and declare that it is entitled to the disbursement of the Escrow Amount in partial satisfaction of the product claims and/or indemnity obligations for Lumber Liquidators' Losses described herein.

WHEREFORE, Lumber Liquidators Leasing, LLC and Lumber Liquidators, Inc. move for judgment against Sequoia Floorings, Inc., Daniel Benchetrit, individually, and Gerald Benchetrit, individually, jointly and not severally, in the amount of $500,000, together with their

attorneys' fees, costs, expenses, pre-judgment and post-judgment interest; and respectfully ask this Court to determine and adjudicate the rights and liabilities of the parties under the Escrow Agreement and to find and declare that Lumber Liquidators is entitled to disbursement of the Escrow Amount in partial satisfaction of the product claims and/or Losses described herein; and for such additional relief as the Court deems just and appropriate.

          LUMBER LIQUIDATORS SERVICES, LLC, and
          LUMBER LIQUIDATORS, INC.

By: _/s/ W. Alexander Burnett_
      Of Counsel

Patrick R. Hanes (VSB No. 38148)
W. Alexander Burnett (VSB No. 68000)
WILLIAMS MULLEN
200 South 10th Street, Suite 1600 (23219)
P. O. Box 1320
Richmond, VA 23218-1320
Phone: (804) 420-6000
Fax: (804) 420-6507
phanes@williamsmullen.com
aburnett@williamsmullen.com

21460866