

**CERTIFICATE**

Addressee: SEQUOIA FLOORINGS INC.

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,

**1)**    that the document has been served

-    the (date)
     September 26, 2013 at 3:50 P.M.

-    at (place, street, number)
     2800, Étienne-Lenoir street, Laval, Québec, Canada

-    in one of the following methods authorised by article 5:

☑ **(a)** in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5
         of the Convention

[ ] **(b)** in accordance with the following particular method

_____

_____

[ ] **(c)** by delivery to the addressee, if he accepts it voluntarily

The documents referred to in the request have been delivered to:

-    (Identity and description of the person)
     Mrs. Carolyn Woodruff, logistics coordinator

_____

-    relationship to the addressee (family, business or other)
     Logistics coordinator

**2)**    that the document has not been served, by reason of the following facts:

_____

_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement

ANNEXES

-Summary of the Document to Be Served

-Summons in a Civil Action

-Complaint

-Translations

Done at Laval                    , the September 26, 2013

Signature and/or stamp

EI-1 (2009-08)

**THE HAGUE**
**Convention on the service abroad of judicial and extrajudicial documents**
**In civil or commercial matters**

**UNITED STATES DISTRICT COURT**

**Civil Action No. 3:13cv313**

**LUMBER LIQUIDATORS LEASING, LLC and**
**LUMBER LIQUIDATORS, INC.**

**Plaintiff,**

**-vs-**

**SEQUOIA FLOORINGS, INC.,**
**DANIEL BENCHETRIT, and**
**GERALD BENCHETRIT**

**Defendant**

**AFFIDAVIT OF SERVICE**

I, Étienne Bruneau, Bailiff of Justice of the Province of Quebec in Canada, located at 120-A, boul. Curé-Labelle, Laval, Québec, Canada, BEING DULY SWORN, SAYS: That at all times herein Affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made.

1. On September 26, 2013 at approximately 3:50 P.M., I served SEQUOIA FLOORINGS INC., with the attached;

- Summary of the Document to Be Served
- Summons in a Civil Action
- Complaint
- Translations

Serving a true copy of the attached documents mentioned above to Mrs. Carolyn Woodruff, logistics coordinator, a person in charge of the place of business at the time of serving;

At: 2800, Étienne-Lenoir street, Laval, Québec, Canada

That I was able to identify the person served by means of verbal acknowledgement.

I declare under penalty of perjury that the foregoing is true and correct.

Étienne Bruneau, bailiff of justice

Sworn before me in the City of Laval
In the Province of Québec, Canada
This ___ day of October, 2013

A Commissioner for the Province of Québec

Chantal Larochelle
#193901



APPLICANT IS AUTHORIZED TO SERVE JUDICIAL PROCESS UNDER THE UNITED STATES FEDERAL RULES OF CIVIL PROCEDURE AND UNDER THE RULES OF CIVIL PROCEDURE OF THE STATE OF: Virginia

# REQUEST

## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

### *DEMANDE*
### *AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER*
### *D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

**Convention on the Service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matierè civile ou commerciale, signée à La Haye, le 15 Novembrè 1965.*

| Identity and address of the applicant<br>*Identité et adresse du requérant*<br><br>**Diane K. Myers**<br>**APS INTERNATIONAL, LTD**<br>**APS International Plaza**<br>**7800 Glenroy Road**<br>**Minneapolis, Minnesota  55439-3122**<br>**U.S.A.**<br>**Tel. 952.831.7776      Fax: 952.831.8150**<br>**Email: DMyers@CivilActionGroup.com** | Address of receiving authority<br>*Adresse de l'autorité destinataire*<br><br>**MINISTRE DE LA JUSTICE DU QUEBEC**<br>**1200 route de l'Eglise, 2nd floor**<br>**Ste-Foy, Quebec**<br>**Quebec**<br>**G1V 4M1**<br>**Canada** |

The undersigned applicant has the honour to transmit -- in duplicate -- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
      (identity and address)
*Le requérant soussigné a l'honneur de faire parvenir -- en double exemplaire -- a l'autorité destinataire les documents ci-dessous énumérés, en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*

      (*identité et adresse*)   **Sequoia Floorings, Inc.**
_____ 2800 Etienne Lenoir,  Laval, Quebec, Canada, H7R 0A3 _____
                    Tel:

[X]  (a)   in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
     *a)    selon les formes légales (article 5, alinéa premier, lettre a).*
[ ]  (b)   in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
     *b)    selon la forme particuliére suivante (article 5, alinéa premier, lettre b):*_____

[ ]  (c)   by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.
     *c)    le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents -- and of the annexes* -- with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte -- et de ses annexes -- avec l'attestation figurant au verso.*

**List of documents**
*Enumération des pièces*

| Summary of the Document to Be Served |
| Summons in a Civil Action |
| Complaint |
| Translations |

Done at
*Fait à* Minneapolis, Minnesota, U.S.A. _____ , the / *le* ___9-19-13___

**Signature and/or stamp.**
*Signature et/ou cachet.*



(Formerly OBD-116 which was formerly LAA-116,         USM-94
both of which may still be used)                              (Est. 11/22/77)

* **Delete if inappropriate.**
. *Rayer les mentions inutiles*

269806-3

TRIBUNAL DE DISTRICT DES ÉTATS-UNIS

Pour le

Lumber liquidators Leasing, LLC et

Lumber Liquidators, Inc.

_____

*Demandeur(s)*

c.

Sequoia Floorings, Inc.,

Daniel Benchetrit, et

Gerald Benchetrit

_____

*Défendeur(s)*

Action civile nº 3:13cv313

**CITATION DANS LE CADRE D'UNE ACTION CIVILE**

DESTINATAIRE : *(Nom et adresse du défendeur)*

SEQUOIA FLOORINGS, INC.

2800 Etienne Lenoir

Laval, Québec H7R 0A3

Canada

Une plainte a été déposée contre vous.

Dans les 21 jours suivant la signification de la présente citation (jour de sa réception exclue) – ou 60 jours si vous représentez les États-Unis ou une agence des États-Unis, ou si vous êtes un agent ou un employé des États-Unis décrit dans la Fed. R. Civ. P. 12(a)(2) ou (3) – vous devez signifier au demandeur, une réponse à la plainte ou à la motion ci-jointe conformément à la règle 12 des Règles

fédérales de procédure civile. La réponse ou la motion doit être signifiée au demandeur ou à l'avocat du demandeur dont le nom et l'adresse sont :

W. Alexander Burnett, Esquire

Williams Mullen

P.O. Box 1320

Richmond, VA 23218-1320

(804) 420-6481

Si vous ne répondez pas, un jugement par défaut sera prononcé contre vous pour les mesures de redressement exigées dans la plainte. Vous devez aussi déposer une réponse ou une motion auprès du tribunal.

*GREFFIER DU TRIBUNAL*

Date : 20 mai 2013

Signature

*Signature du greffier ou du greffier adjoint*

TRIBUNAL DE DISTRICT DES ÉTATS-UNIS

POUR LE DISTRICT EST DE LA VIRIGINIE

Division de Richmond

[tampon]

DÉPOSÉ LE

17 MAI 2013

GREFFIER, TRIBUNAL DE DISTRICT DES ÉTATS-UNIS

RICHMOND, VA

LUMBER LIQUIDATORS LEASING, LLC,

et

LUMBER LIQUIDATORS, INC.,

Demandeurs,

c.

SEQUOIA FLOORINGS, INC.,

DANIEL BENCHETRIT, individuellement,

Et

GERALD BENCHETRIT, individuellement,

Défendeurs

[à droite]

Cas nº 3 :13 cv 313

COPIE

## PLAINTE

Les demandeurs, Lumber Liquidators Leasing, LLC (« Leasing ») et Lumber Liquidators, Inc. (« LLI ») (collectivement nommés, « Lumber Liquidators »), par le biais de leur avocat, déposent leur plainte contre les Défendeurs Sequoia Floorings, Inc. (« Sequoia »), Daniel Benchetrit, individuellement, et Gerald Benchetrit, individuellement (collectivement nommés les « Défendeurs ») pour les raisons citées ci-dessous :

## PARTIES

1. Leasing est une société à responsabilité limitée du Delaware dont le siège social est sis à Toano en Virginie.

2. LLI est une corporation du Delaware dont le siège social est sis à Toano, en Virginie. LLI est le seul membre et le gérant de Leasing.

3. Sequoia est une corporation canadienne dont le siège social est sis à Laval, au Québec, dans le pays étranger du Canada.

4. Daniel Benchetrit et Gerald Benchetrit sont des individus qui résident éventuellement au Canada.

## JURIDICTION ET LIEU DE POURSUITE

5. Le présent tribunal a la juridiction pour ce cas conformément au paragraphe 1332(a) de 28 U.S.C. car les Demandeurs sont des citoyens d'un État et les Défendeurs sont des citoyens ou des sujets d'un pays étranger et le montant de la polémique dépasse les 75 000 $, intérêts et coûts exclus.

6. Le lieu de poursuite est adéquat pour ce tribunal conformément aux paragraphes 1391(b)(2) et/ou (3) du 28 U.S.C. et parce que Lumber Liquidators et Sequoia se sont irrévocablement soumis à la juridiction exclusive du présent Tribunal.

## FAITS GÉNÉRAUX

7. Le 28 septembre 2011, Leasing et les Défendeurs ont signé un Contrat d'achat de biens (le « CAB »). Une copie certifiée conforme du CAB est jointe en tant qu'Annexe A à la motion du demandeur de déposer des Annexe sous scellés.

8. Lors de la signature du Contrat d'achat de biens, Leasing a déposé une partie du prix d'achat (la « Somme du compte en fidéicommis ») auprès de la banque SunTrust Bank (l'« Agent fiduciaire »). Cette somme devait être conservée et déboursée conformément au Contrat d'achat de biens et à l'Accord de dépôt fiduciaire (tel que définit ci-dessous).

9. Conformément au Contrat d'achat de biens, les Défendeurs ont accepté d'indemniser Leasing et LLI et de rembourser Leasing et LLI pour toute perte que Leasing et LLI peuvent encourir à la suite de ou en rapport avec toute obligation de tout Défendeur. Voir l'Annexe A à la motion de dépôt des Demandeurs des Annexes sous scellés.

10. En même temps que la signature du Contrat d'achat de biens, Leasing et Sequoia ont aussi signé un Accord de dépôt fiduciaire (« Accord de dépôt fiduciaire »). Une copie certifiée conforme de l'Accord de dépôt fiduciaire est jointe sous l'Annexe B à la motion de dépôt des Demandeurs des Annexes sous scellés.

11. L'Accord de dépôt fiduciaire stipulait que la Somme du compte en fidéicommis serait utilisée pour rembourser Lumber Liquidators pour les sinistres liés aux produits ou pour les obligations d'indemnité des Défendeurs. Voir les Annexes A et B de la motion de dépôt des Demandeurs des Annexes sous scellés.

## CHEF D'ACCUSATION I : INDEMNISATION EXPRESSE

12. Lumber Liquidators incorpore par référence les allégations contenues dans les paragraphes 1 à 11 comme si elles étaient stipulées dans leur intégralité aux présentes.

13. Lumber Liquidators a subi des pertes à la suite des obligations de Sequoia.

14. De manière plus spécifique, Sequoia a fourni, à Lumber Liquidators, des matériaux à la fabrication défectueuse et qui n'étaient pas conformes aux spécifications exigées par Lumber Liquidators. À cause de ces problèmes, Lumber Liquidators a subis des pertes d'un montant de 500 000 $ à la suite de plaintes de clients de Liquid Liquidators découlant directement de ces problèmes liés aux produits de Sequoia (les « Pertes »).

15. Lumber Liquidators a donné aux Défendeurs un avis écrit, dans les délais exigés, et concernant ces pertes.

16. Cependant, les Défendeurs n'ont pas indemnisé Lumber Liquidators pour les Pertes.

17. En conséquence, Lumber Liquidators a averti les Défendeurs et l'Agent fiduciaire quant aux Pertes.

18. En conséquence de ce qui précède, Sequoia, Daniel Benchetrit, individuellement et Gerald Benchetrit, individuellement, sont responsables vis-à-vis de Lumber Liquidators, conjointement mais non solidairement , pour un montant de 500 000 $, en plus des honoraires d'avocats, des coûts juridiques, des dépenses et des intérêts antérieurs et postérieurs au jugement.

## CHEF D'ACCUSATION II : DÉBOURSEMENT DE LA SOMME DU COMPTE EN FIDÉOCOMMIS

19. Lumber Liquidators incorpore par référence les allégations contenues dans les paragraphes 1 à 18 comme si elles étaient stipulées dans leur intégralité aux présentes.

20. En conséquence des Pertes décrites ci-dessus, Lumber Liquidators a des plaintes valides concernant les produits, et, comme cela est décrit aux présentes, les Défendeurs ont l'obligation d'indemniser Lumber Liquidators pour les Pertes.

21. Lumber Liquidators a satisfait toutes les exigences et a réalisé toutes les procédures du Contrat d'achat de biens et de l'Accord fiduciaire pour le déboursement de la Somme du compte en fidéicommis devant être versée à Lumber Liquidators.

22. Cependant, Sequoia a demandé à ce que l'Agent fiduciaire débourse la Somme du compte en fidéicommis et la verse à Sequoia au lieu de Lumber Liquidators.

23. L'Agent fiduciaire détient actuellement la Somme du compte en fidéicommis en attendant l'adjudication des droits de Lumber Liquidators et de Sequoia par un tribunal d'une juridiction compétente conformément aux modalités de l'Accord fiduciaire.

24. Il existe donc un véritable litige relevant de la compétence de la justice entre Lumber Liquidators et Sequoia au sein de la juridiction du présent Tribunal concernant les droits, les obligations, les engagements et les responsabilités des parties aux termes de l'Accord fiduciaire.

25. Lumber Liquidators demande donc à ce que le Tribunal interprète l'Accord fiduciaire et déclare qu'il a le droit de débourser la Somme du compte en fidéicommis afin de satisfaire partiellement les plaintes liées aux produits et/ou les obligations d'indemnisation pour les Pertes de Lumber Liquidators décrites aux présentes.

POUR TOUTES LES RAISONS PRÉCITÉES, Lumber Liquidators Leasing, LLC et Lumber Liquidators, Inc. demandent à ce qu'un jugement soit prononcé contre Sequoia Floorings, Inc, Daniel Inc. demandent à ce qu'un jugement soit prononcé contre Sequoia FLoorings, Inc., Daniel Benchetrit, individuellement, et Gerald Benchetrit, individuellement, conjointement mais non solidairement, pour la somme de 500 000 $, ainsi qu'avec en compagnie des honoraires d'avocats, des coûts juridiques, des dépenses et des intérêts antérieurs et postérieurs au jugement ; et demande respectueusement à ce Tribunal de déterminer et d'attribuer les droits et les responsabilités des parties aux termes de l'Accord fiduciaire et de découvrir et de déclarer que Lumber Liquidators a le droit au déboursement de la Somme du compte en fidéicommis afin de satisfaire partiellement les plaintes et/ou les Pertes liées aux produits décrits aux présentes ; et pour toute autre mesure de redressement jugée honnête et adéquate par le Tribunal.

LUMBER LIQUIDATORS SERVICES, LLC et LUMBER LIQUIDATORS, INC.

Fait par : Signature

Avocat

Patrick R. Hanes (Numéro d'inscription au barreau 38148)

W. Alexander Burnett (Numéro d'inscription au barreau 68000)

WILLIAMS MULLEN

200 South 10th Street, Suite 1600 (23219)

P.O. Box 1320

Richmond, VA 23218-1320

Numéro de téléphone : (804) 420-6000

Numéro de télécopie : (804) 420-6507

phanes@williamsmullen.com

aburnett@williamsmullen.com

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| Lumber Liquidators Leasing, LLC and<br>Lumber Liquidators, Inc.<br><br><br>*Plaintiff(s)*<br>v.<br>Sequoia Floorings, Inc.,<br>Daniel Benchetrit, and<br>Gerald Benchetrit<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. **3:13CV313**<br>)<br>)<br>)<br>)<br>)<br>) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   SEQUOIA FLOORINGS, INC.
2800 Etienne Lenoir
Lavel, Quebec H7R 0A3
Canada

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

W. Alexander Burnett, Esquire
Williams Mullen
P.O. Box 1320
Richmond, VA  23218-1320
(804) 420-6481

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   **May 20, 2013**

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



F I L E D

MAY 1 7 2013

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

LUMBER LIQUIDATORS LEASING, LLC, )
)
and )
)
LUMBER LIQUIDATORS, INC., )
)
)
Plaintiffs, )
)
)
v. ) Case No. 3:13 cv 3 13
)
SEQUOIA FLOORINGS, INC., )
)
DANIEL BENCHETRIT, individually, )
)
and )
)
GERALD BENCHETRIT, individually, )
)
Defendants. )

COPY

## COMPLAINT

Plaintiffs, Lumber Liquidators Leasing, LLC ("Leasing") and Lumber Liquidators, Inc. ("LLI") (collectively, "Lumber Liquidators"), by counsel, file their Complaint against Defendants Sequoia Floorings, Inc. ("Sequoia"), Daniel Benchetrit, individually, and Gerald Benchetrit, individually (collectively, the "Defendants"), on the grounds set forth below:

## PARTIES

1.      Leasing is a Delaware limited liability company with its principal place of business in Toano, Virginia.

2.      LLI is a Delaware corporation with its principal place of business in Toano, Virginia. LLI is the sole member and manager of Leasing.

3. Sequoia is a Canadian corporation, with its principal place of business in Laval, Quebec, in the foreign country of Canada.

4. Daniel Benchetrit and Gerald Benchetrit are individuals who may reside in Canada.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), in that the Plaintiffs are citizens of a State and the Defendants are citizens or subjects of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and/or (3) and because Lumber Liquidators and Sequoia irrevocably submitted to the exclusive jurisdiction of this Court.

## BACKGROUND

7. On or about September 28, 2011, Leasing and the Defendants executed an Asset Purchase Agreement (the "APA"). A true and accurate copy of the APA is attached as Exhibit A to the Plaintiffs' Motion to file Exhibits Under Seal.

8. At the closing of the APA, Leasing deposited a portion of the purchase price (the "Escrow Amount") with SunTrust Bank (the "Escrow Agent") to be held and disbursed in accordance with the APA and the Escrow Agreement (as hereinafter defined).

9. Pursuant to the APA, the Defendants agreed to indemnify Leasing and LLI from and to reimburse Leasing and LLI for any and all losses which Leasing and LLI may incur as a result or in connection with any and all obligations of any of the Defendants. See Exhibit A to the Plaintiffs' Motion to file Exhibits Under Seal.

10. Simultaneous with the execution of the APA, Leasing and Sequoia also executed

2

an Escrow Agreement (the "Escrow Agreement"). A true and accurate copy of the Escrow Agreement is attached as Exhibit B to the Plaintiffs' Motion to file Exhibits Under Seal.

11.    The Escrow Agreement provided that the Escrow Amount would be used to reimburse Lumber Liquidators for product claims or the indemnity obligations of the Defendants. See Exhibits A and B to the Plaintiffs' Motion to file Exhibits Under Seal.

## COUNT I: EXPRESS INDEMNITY

12.    Lumber Liquidators incorporates by reference the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13.    Lumber Liquidators has suffered losses as a result of the obligations of Sequoia.

14.    Specifically, Sequoia supplied materials to Lumber Liquidators that had various manufacturing related issues and failed to comply with Lumber Liquidators' required specifications. As a result of these issues, Lumber Liquidators suffered losses in the amount of $500,000 due to claims from Lumber Liquidators' customers resulting directly from these issues with Sequoia's products (the "Losses").

15.    Lumber Liquidators gave timely notice in writing to the Defendants of these Losses.

16.    The Defendants, however, failed to indemnify Lumber Liquidators for the Losses.

17.    Thereafter, Lumber Liquidators gave notice to the Defendants and the Escrow Agent of the Losses.

18.    As a result of the foregoing, Sequoia, Daniel Benchetrit, individually, and Gerald Benchetrit, individually, are liable to Lumber Liquidators, jointly and not severally, in the amount of $500,000, together with Lumber Liquidators' attorneys' fees, costs, expenses, and pre-judgment and post-judgment interest.

3

## COUNT II: DISBURSEMENT OF ESCROW AMOUNT

19. Lumber Liquidators incorporates by reference the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. As a result of the Losses which are described above, Lumber Liquidators has valid product claims and, as described herein, the Defendants owe obligations to indemnify Lumber Liquidators from the Losses.

21. Lumber Liquidators has satisfied all requirements and procedures of the APA and the Escrow Agreement for the disbursement of the Escrow Amount to Lumber Liquidators.

22. Sequoia, however, has requested that the Escrow Agent disburse the Escrow Amount to Sequoia instead of Lumber Liquidators.

23. The Escrow Agent is currently holding the Escrow Amount pending adjudication of the rights of Lumber Liquidators and Sequoia by a court of competent jurisdiction pursuant to the terms of the Escrow Agreement.

24. There exists, therefore, an actual controversy of a justiciable issue between Lumber Liquidators and Sequoia within the jurisdiction of this Court regarding the rights, obligations, burdens and liabilities of the parties under the Escrow Agreement.

25. Lumber Liquidators, therefore, requests that the Court interpret the Escrow Agreement and declare that it is entitled to the disbursement of the Escrow Amount in partial satisfaction of the product claims and/or indemnity obligations for Lumber Liquidators' Losses described herein.

WHEREFORE, Lumber Liquidators Leasing, LLC and Lumber Liquidators, Inc. move for judgment against Sequoia Floorings, Inc., Daniel Benchetrit, individually, and Gerald Benchetrit, individually, jointly and not severally, in the amount of $500,000, together with their

4

attorneys' fees, costs, expenses, pre-judgment and post-judgment interest; and respectfully ask this Court to determine and adjudicate the rights and liabilities of the parties under the Escrow Agreement and to find and declare that Lumber Liquidators is entitled to disbursement of the Escrow Amount in partial satisfaction of the product claims and/or Losses described herein; and for such additional relief as the Court deems just and appropriate.

LUMBER LIQUIDATORS SERVICES, LLC, and
LUMBER LIQUIDATORS, INC.

By: _____
             Of Counsel

Patrick R. Hanes (VSB No. 38148)
W. Alexander Burnett (VSB No. 68000)
WILLIAMS MULLEN
200 South 10th Street, Suite 1600 (23219)
P. O. Box 1320
Richmond, VA  23218-1320
Phone:  (804) 420-6000
Fax: (804) 420-6507
phanes@williamsmullen.com
aburnett@williamsmullen.com

21460866

5



F I L E D

OCT 2 9 2013

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## CERTIFICATE

Addressee: <u>DANIEL BENCHETRIT</u>

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,

**1)** that the document has been served

- the (date)
<u>September 26, 2013 at 3:50 P.M.</u>

- at (place, street, number)
<u>2800, Étienne-Lenoir street, Laval, Québec, Canada</u>

- in one of the following methods authorised by article 5:

☑ **(a)** in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention

[ ] **(b)** in accordance with the following particular method

_____

_____

[ ] **(c)** by delivery to the addressee, if he accepts it voluntarily

The documents referred to in the request have been delivered to:

- (Identity and description of the person)
<u>Mrs. Carolyn Woodruff, logistics coordinator</u>

_____

- relationship to the addressee (family, business or other)
<u>Logistics coordinator</u>

**2)** that the document has not been served, by reason of the following facts:

_____

_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement

ANNEXES
Documents returned:

-Summary of the Document to Be Served

-Summons in a Civil Action

-Complaint

-Translations
Documents establishing the service

Done at <u>Laval</u>_____, the <u>September 26, 2013</u>

Signature and/or stamp

EI-1 (2009-08)

# THE HAGUE
## Convention on the service abroad of judicial and extrajudicial documents
## In civil or commercial matters

**UNITED STATES DISTRICT COURT**

**Civil Action No. 3:13cv313**

**LUMBER LIQUIDATORS LEASING, LLC and
LUMBER LIQUIDATORS, INC.**

**Plaintiff,**

**-vs-**

**SEQUOIA FLOORINGS, INC.,
DANIEL BENCHETRIT, and
GERALD BENCHETRIT**

**Defendant**

## AFFIDAVIT OF SERVICE

I, Étienne Bruneau, Bailiff of Justice of the Province of Quebec in Canada, located at 120-A, boul. Curé-Labelle, Laval, Québec, Canada, BEING DULY SWORN, SAYS: That at all times herein Affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made.

1. On September 26, 2013 at approximately 3:50 P.M., I served DANIEL BENCHETRIT., with the attached;

- Summary of the Document to Be Served
- Summons in a Civil Action
- Complaint
- Translations

Serving a true copy of the attached documents mentioned above to Mrs. Carolyn Woodruff, logistics coordinator, a person in charge of the place of business at the time of serving;

At: 2800, Étienne-Lenoir street, Laval, Québec, Canada

That I was able to identify the person served by means of verbal acknowledgement.

I declare under penalty of perjury that the foregoing is true and correct.

Étienne Bruneau, bailiff of justice

Sworn before me in the City of Laval
In the Province of Québec, Canada
This ___ day of October, 2013

_____
A Commissioner for the Province of Québec

Chantal Larochelle
#193901



APPLICANT IS AUTHORIZED TO SERVE JUDICIAL PROCESS UNDER THE UNITED STATES FEDERAL RULES OF CIVIL PROCEDURE AND UNDER THE RULES OF CIVIL PROCEDURE OF THE STATE OF: Virginia

# REQUEST

# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

## DEMANDE
## AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER
## D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE

**Convention on the Service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matierè civile ou commerciale, signée à La Haye, le 15 Novembrè 1965.*

| Identity and address of the applicant<br>*Identité et adresse du requérant*<br><br>**Diane K. Myers**<br>**APS INTERNATIONAL, LTD**<br>**APS International Plaza**<br>**7800 Glenroy Road**<br>**Minneapolis, Minnesota  55439-3122**<br>**U.S.A.**<br>**Tel. 952.831.7776      Fax: 952.831.8150**<br>**Email: DMyers@CivilActionGroup.com** | Address of receiving authority<br>*Adresse de l'autorité destinataire*<br><br>**MINISTRE DE LA JUSTICE DU QUEBEC**<br>**1200 route de l'Eglise, 2nd floor**<br>**Ste-Foy, Quebec**<br>**Quebec**<br>**G1V 4M1**<br>**Canada** |

The undersigned applicant has the honour to transmit -- in duplicate -- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
    (identity and address)
*Le requérant soussigné a l'honneur de faire parvenir -- en double exemplaire -- a l'autorité destinataire les documents ci-dessous énumérés, en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*

*(identité et adresse)*   __**Daniel Benchetrit**__
   __2800 Etienne Lenoir,  Laval, Quebec, Canada, H7R 0A3__
          Tel:

[X]  (a)  in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
    *a)  selon les formes légales (article 5, alinéa premier, lettre a).*
[ ]  (b)  in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
    *b)  selon la forme particuliére suivante (article 5, alinéa premier, lettre b):*_____

[ ]  (c)  by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.
    *c)  le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents -- and of the annexes* -- with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte -- et de ses annexes -- avec l'attestation figurant au verso.*

**List of documents**
*Enumération des pièces*

Summary of the Document to Be Served_____
Summons in a Civil Action_____
Complaint_____
Translations_____
_____
_____
_____
_____
_____

Done at_____ , the  9-19-13
*Fait à*__Minneapolis, Minnesota, U.S.A._____ , *le*____9-19-13

**Signature and/or stamp.**
*Signature et/ou cachet.*

_____
(Formerly OBD-116 which was formerly LAA-116,    USM-94
both of which may still be used)              (Est. 11/22/77)

* Delete if inappropriate.
. *Rayer les mentions inutiles*

269806-2

TRIBUNAL DE DISTRICT DES ÉTATS-UNIS

Pour le

Lumber liquidators Leasing, LLC et

Lumber Liquidators, Inc.

_____

*Demandeur(s)*

c.

Sequoia Floorings, Inc.,

Daniel Benchetrit, et

Gerald Benchetrit

_____

*Défendeur(s)*

Action civile nº 3:13cv313

## CITATION DANS LE CADRE D'UNE ACTION CIVILE

DESTINATAIRE : *(Nom et adresse du défendeur)*

DANIEL BENCHETRIT

2800 Etienne Lenoir

Lavel, Québec H7R 0A3

Canada

Une plainte a été déposée contre vous.

Dans les 21 jours suivant la signification de la présente citation (jour de sa réception exclue) – ou 60 jours si vous représentez les États-Unis ou une agence des États-Unis, ou si vous êtes un agent ou un employé des États-Unis décrit dans la Fed. R. Civ. P. 12(a)(2) ou (3) – vous devez signifier au demandeur, une réponse à la plainte ou à la motion ci-jointe conformément à la règle 12 des Règles

fédérales de procédure civile. La réponse ou la motion doit être signifiée au demandeur ou à l'avocat du demandeur dont le nom et l'adresse sont :

W. Alexander Burnett, Esquire

Williams Mullen

P.O. Box 1320

Richmond, VA 23218-1320

(804) 420-6481

Si vous ne répondez pas, un jugement par défaut sera prononcé contre vous pour les mesures de redressement exigées dans la plainte. Vous devez aussi déposer une réponse ou une motion auprès du tribunal.

*GREFFIER DU TRIBUNAL*

Date : 20 mai 2013

Signature

*Signature du greffier ou du greffier adjoint*

TRIBUNAL DE DISTRICT DES ÉTATS-UNIS

POUR LE DISTRICT EST DE LA VIRIGINIE

Division de Richmond

[tampon]

DÉPOSÉ LE

17 MAI 2013

GREFFIER, TRIBUNAL DE DISTRICT DES ÉTATS-UNIS

RICHMOND, VA

LUMBER LIQUIDATORS LEASING, LLC,

et

LUMBER LIQUIDATORS, INC.,

Demandeurs,

c.

SEQUOIA FLOORINGS, INC.,

DANIEL BENCHETRIT, individuellement,

Et

GERALD BENCHETRIT, individuellement,

Défendeurs

[à droite]

Cas nº 3 :13 cv 313

COPIE

## PLAINTE

Les demandeurs, Lumber Liquidators Leasing, LLC (« Leasing ») et Lumber Liquidators, Inc. (« LLI ») (collectivement nommés, « Lumber Liquidators »), par le biais de leur avocat, déposent leur plainte contre les Défendeurs Sequoia Floorings, Inc. (« Sequoia »), Daniel Benchetrit, individuellement, et Gerald Benchetrit, individuellement (collectivement nommés les « Défendeurs ») pour les raisons citées ci-dessous :

## PARTIES

1. Leasing est une société à responsabilité limitée du Delaware dont le siège social est sis à Toano en Virginie.
2. LLI est une corporation du Delaware dont le siège social est sis à Toano, en Virginie. LLI est le seul membre et le gérant de Leasing.
3. Sequoia est une corporation canadienne dont le siège social est sis à Laval, au Québec, dans le pays étranger du Canada.
4. Daniel Benchetrit et Gerald Benchetrit sont des individus qui résident éventuellement au Canada.

## JURIDICTION ET LIEU DE POURSUITE

5. Le présent tribunal a la juridiction pour ce cas conformément au paragraphe 1332(a) de 28 U.S.C. car les Demandeurs sont des citoyens d'un État et les Défendeurs sont des citoyens ou des sujets d'un pays étranger et le montant de la polémique dépasse les 75 000 $, intérêts et coûts exclus.
6. Le lieu de poursuite est adéquat pour ce tribunal conformément aux paragraphes 1391(b)(2) et/ou (3) du 28 U.S.C. et parce que Lumber Liquidators et Sequoia se sont irrévocablement soumis à la juridiction exclusive du présent Tribunal.

## FAITS GÉNÉRAUX

7. Le 28 septembre 2011, Leasing et les Défendeurs ont signé un Contrat d'achat de biens (le « CAB »). Une copie certifiée conforme du CAB est jointe en tant qu'Annexe A à la motion du demandeur de déposer des Annexe sous scellés.
8. Lors de la signature du Contrat d'achat de biens, Leasing a déposé une partie du prix d'achat (la « Somme du compte en fidéicommis ») auprès de la banque SunTrust Bank (l'« Agent fiduciaire »). Cette somme devait être conservée et déboursée conformément au Contrat d'achat de biens et à l'Accord de dépôt fiduciaire (tel que définit ci-dessous).
9. Conformément au Contrat d'achat de biens, les Défendeurs ont accepté d'indemniser Leasing et LLI et de rembourser Leasing et LLI pour toute perte que Leasing et LLI peuvent encourir à la suite de ou en rapport avec toute obligation de tout Défendeur. Voir l'Annexe A à la motion de dépôt des Demandeurs des Annexes sous scellés.
10. En même temps que la signature du Contrat d'achat de biens, Leasing et Sequoia ont aussi signé un Accord de dépôt fiduciaire (« Accord de dépôt fiduciaire »). Une copie certifiée conforme de l'Accord de dépôt fiduciaire est jointe sous l'Annexe B à la motion de dépôt des Demandeurs des Annexes sous scellés.
11. L'Accord de dépôt fiduciaire stipulait que la Somme du compte en fidéicommis serait utilisée pour rembourser Lumber Liquidators pour les sinistres liés aux produits ou pour les obligations d'indemnité des Défendeurs. Voir les Annexes A et B de la motion de dépôt des Demandeurs des Annexes sous scellés.

## CHEF D'ACCUSATION I : INDEMNISATION EXPRESSE

12. Lumber Liquidators incorpore par référence les allégations contenues dans les paragraphes 1 à 11 comme si elles étaient stipulées dans leur intégralité aux présentes.

13. Lumber Liquidators a subi des pertes à la suite des obligations de Sequoia.

14. De manière plus spécifique, Sequoia a fourni, à Lumber Liquidators, des matériaux à la fabrication défectueuse et qui n'étaient pas conformes aux spécifications exigées par Lumber Liquidators. À cause de ces problèmes, Lumber Liquidators a subis des pertes d'un montant de 500 000 $ à la suite de plaintes de clients de Liquid Liquidators découlant directement de ces problèmes liés aux produits de Sequoia (les « Pertes »).

15. Lumber Liquidators a donné aux Défendeurs un avis écrit, dans les délais exigés, et concernant ces pertes.

16. Cependant, les Défendeurs n'ont pas indemnisé Lumber Liquidators pour les Pertes.

17. En conséquence, Lumber Liquidators a averti les Défendeurs et l'Agent fiduciaire quant aux Pertes.

18. En conséquence de ce qui précède, Sequoia, Daniel Benchetrit, individuellement et Gerald Benchetrit, individuellement, sont responsables vis-à-vis de Lumber Liquidators, conjointement mais non solidairement, pour un montant de 500 000 $, en plus des honoraires d'avocats, des coûts juridiques, des dépenses et des intérêts antérieurs et postérieurs au jugement.

## CHEF D'ACCUSATION II : DÉBOURSEMENT DE LA SOMME DU COMPTE EN FIDÉOCOMMIS

19. Lumber Liquidators incorpore par référence les allégations contenues dans les paragraphes 1 à 18 comme si elles étaient stipulées dans leur intégralité aux présentes.

20. En conséquence des Pertes décrites ci-dessus, Lumber Liquidators a des plaintes valides concernant les produits, et, comme cela est décrit aux présentes, les Défendeurs ont l'obligation d'indemniser Lumber Liquidators pour les Pertes.

21. Lumber Liquidators a satisfait toutes les exigences et a réalisé toutes les procédures du Contrat d'achat de biens et de l'Accord fiduciaire pour le déboursement de la Somme du compte en fidéicommis devant être versée à Lumber Liquidators.

22. Cependant, Sequoia a demandé à ce que l'Agent fiduciaire débourse la Somme du compte en fidéicommis et la verse à Sequoia au lieu de Lumber Liquidators.

23. L'Agent fiduciaire détient actuellement la Somme du compte en fidéicommis en attendant l'adjudication des droits de Lumber Liquidators et de Sequoia par un tribunal d'une juridiction compétente conformément aux modalités de l'Accord fiduciaire.

24. Il existe donc un véritable litige relevant de la compétence de la justice entre Lumber Liquidators et Sequoia au sein de la juridiction du présent Tribunal concernant les droits, les obligations, les engagements et les responsabilités des parties aux termes de l'Accord fiduciaire.

25. Lumber Liquidators demande donc à ce que le Tribunal interprète l'Accord fiduciaire et déclare qu'il a le droit de débourser la Somme du compte en fidéicommis afin de satisfaire partiellement les plaintes liées aux produits et/ou les obligations d'indemnisation pour les Pertes de Lumber Liquidators décrites aux présentes.

POUR TOUTES LES RAISONS PRÉCITÉES, Lumber Liquidators Leasing, LLC et Lumber Liquidators, Inc. demandent à ce qu'un jugement soit prononcé contre Sequoia Floorings, Inc, Daniel Inc. demandent à ce qu'un jugement soit prononcé contre Sequoia FLoorings, Inc., Daniel Benchetrit, individuellement, et Gerald Benchetrit, individuellement, conjointement mais non solidairement, pour la somme de 500 000 $, ainsi qu'avec en compagnie des honoraires d'avocats, des coûts juridiques, des dépenses et des intérêts antérieurs et postérieurs au jugement ; et demande respectueusement à ce Tribunal de déterminer et d'attribuer les droits et les responsabilités des parties aux termes de l'Accord fiduciaire et de découvrir et de déclarer que Lumber Liquidators a le droit au déboursement de la Somme du compte en fidéicommis afin de satisfaire partiellement les plaintes et/ou les Pertes liées aux produits décrits aux présentes ; et pour toute autre mesure de redressement jugée honnête et adéquate par le Tribunal.

LUMBER LIQUIDATORS SERVICES, LLC et LUMBER LIQUIDATORS, INC.

Fait par : Signature

Avocat

Patrick R. Hanes (Numéro d'inscription au barreau 38148)

W. Alexander Burnett (Numéro d'inscription au barreau 68000)

WILLIAMS MULLEN

200 South 10th Street, Suite 1600 (23219)

P.O. Box 1320

Richmond, VA 23218-1320

Numéro de téléphone : (804) 420-6000

Numéro de télécopie : (804) 420-6507

phanes@williamsmullen.com

aburnett@williamsmullen.com

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| Lumber Liquidators Leasing, LLC and Lumber Liquidators, Inc.<br><br>*Plaintiff(s)*<br>v.<br>Sequoia Floorings, Inc.,<br>Daniel Benchetrit, and<br>Gerald Benchetrit<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. **3:13CV313** |

## SUMMONS IN A CIVIL ACT ION

To: *(Defendant's name and address)*

DANIEL BENCHETRIT
2800 Etienne Lenoir
Lavel, Quebec H7R 0A3
Canada

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

W. Alexander Burnett, Esquire
Williams Mullen
P.O. Box 1320
Richmond, VA 23218-1320
(804) 420-6481

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: __May 20, 2013__                    _____
                                          *Signature of Clerk or Deputy Clerk*



FILED

MAY 17 2013

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

COPY

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LUMBER LIQUIDATORS LEASING, LLC, )
)
and )
)
LUMBER LIQUIDATORS, INC., )
)
Plaintiffs, )
)
v. ) Case No. 3:13 cv 313
)
SEQUOIA FLOORINGS, INC., )
)
DANIEL BENCHETRIT, individually, )
)
and )
)
GERALD BENCHETRIT, individually, )
)
Defendants. )

## COMPLAINT

Plaintiffs, Lumber Liquidators Leasing, LLC ("Leasing") and Lumber Liquidators, Inc. ("LLI") (collectively, "Lumber Liquidators"), by counsel, file their Complaint against Defendants Sequoia Floorings, Inc. ("Sequoia"), Daniel Benchetrit, individually, and Gerald Benchetrit, individually (collectively, the "Defendants"), on the grounds set forth below:

## PARTIES

1.    Leasing is a Delaware limited liability company with its principal place of business in Toano, Virginia.

2.    LLI is a Delaware corporation with its principal place of business in Toano, Virginia. LLI is the sole member and manager of Leasing.

3. Sequoia is a Canadian corporation, with its principal place of business in Laval, Quebec, in the foreign country of Canada.

4. Daniel Benchetrit and Gerald Benchetrit are individuals who may reside in Canada.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), in that the Plaintiffs are citizens of a State and the Defendants are citizens or subjects of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and/or (3) and because Lumber Liquidators and Sequoia irrevocably submitted to the exclusive jurisdiction of this Court.

## BACKGROUND

7. On or about September 28, 2011, Leasing and the Defendants executed an Asset Purchase Agreement (the "APA"). A true and accurate copy of the APA is attached as Exhibit A to the Plaintiffs' Motion to file Exhibits Under Seal.

8. At the closing of the APA, Leasing deposited a portion of the purchase price (the "Escrow Amount") with SunTrust Bank (the "Escrow Agent") to be held and disbursed in accordance with the APA and the Escrow Agreement (as hereinafter defined).

9. Pursuant to the APA, the Defendants agreed to indemnify Leasing and LLI from and to reimburse Leasing and LLI for any and all losses which Leasing and LLI may incur as a result or in connection with any and all obligations of any of the Defendants. See Exhibit A to the Plaintiffs' Motion to file Exhibits Under Seal.

10. Simultaneous with the execution of the APA, Leasing and Sequoia also executed

2

an Escrow Agreement (the "Escrow Agreement"). A true and accurate copy of the Escrow Agreement is attached as Exhibit B to the Plaintiffs' Motion to file Exhibits Under Seal.

11. The Escrow Agreement provided that the Escrow Amount would be used to reimburse Lumber Liquidators for product claims or the indemnity obligations of the Defendants. See Exhibits A and B to the Plaintiffs' Motion to file Exhibits Under Seal.

## COUNT I: EXPRESS INDEMNITY

12. Lumber Liquidators incorporates by reference the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13. Lumber Liquidators has suffered losses as a result of the obligations of Sequoia.

14. Specifically, Sequoia supplied materials to Lumber Liquidators that had various manufacturing related issues and failed to comply with Lumber Liquidators' required specifications. As a result of these issues, Lumber Liquidators suffered losses in the amount of $500,000 due to claims from Lumber Liquidators' customers resulting directly from these issues with Sequoia's products (the "Losses").

15. Lumber Liquidators gave timely notice in writing to the Defendants of these Losses.

16. The Defendants, however, failed to indemnify Lumber Liquidators for the Losses.

17. Thereafter, Lumber Liquidators gave notice to the Defendants and the Escrow Agent of the Losses.

18. As a result of the foregoing, Sequoia, Daniel Benchetrit, individually, and Gerald Benchetrit, individually, are liable to Lumber Liquidators, jointly and not severally, in the amount of $500,000, together with Lumber Liquidators' attorneys' fees, costs, expenses, and pre-judgment and post-judgment interest.

3

## COUNT II: DISBURSEMENT OF ESCROW AMOUNT

19.   Lumber Liquidators incorporates by reference the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20.   As a result of the Losses which are described above, Lumber Liquidators has valid product claims and, as described herein, the Defendants owe obligations to indemnify Lumber Liquidators from the Losses.

21.   Lumber Liquidators has satisfied all requirements and procedures of the APA and the Escrow Agreement for the disbursement of the Escrow Amount to Lumber Liquidators.

22.   Sequoia, however, has requested that the Escrow Agent disburse the Escrow Amount to Sequoia instead of Lumber Liquidators.

23.   The Escrow Agent is currently holding the Escrow Amount pending adjudication of the rights of Lumber Liquidators and Sequoia by a court of competent jurisdiction pursuant to the terms of the Escrow Agreement.

24.   There exists, therefore, an actual controversy of a justiciable issue between Lumber Liquidators and Sequoia within the jurisdiction of this Court regarding the rights, obligations, burdens and liabilities of the parties under the Escrow Agreement.

25.   Lumber Liquidators, therefore, requests that the Court interpret the Escrow Agreement and declare that it is entitled to the disbursement of the Escrow Amount in partial satisfaction of the product claims and/or indemnity obligations for Lumber Liquidators' Losses described herein.

WHEREFORE, Lumber Liquidators Leasing, LLC and Lumber Liquidators, Inc. move for judgment against Sequoia Floorings, Inc., Daniel Benchetrit, individually, and Gerald Benchetrit, individually, jointly and not severally, in the amount of $500,000, together with their

4

attorneys' fees, costs, expenses, pre-judgment and post-judgment interest; and respectfully ask this Court to determine and adjudicate the rights and liabilities of the parties under the Escrow Agreement and to find and declare that Lumber Liquidators is entitled to disbursement of the Escrow Amount in partial satisfaction of the product claims and/or Losses described herein; and for such additional relief as the Court deems just and appropriate.

LUMBER LIQUIDATORS SERVICES, LLC, and
LUMBER LIQUIDATORS, INC.

By: _____
Of Counsel

Patrick R. Hanes (VSB No. 38148)
W. Alexander Burnett (VSB No. 68000)
WILLIAMS MULLEN
200 South 10th Street, Suite 1600 (23219)
P. O. Box 1320
Richmond, VA 23218-1320
Phone: (804) 420-6000
Fax: (804) 420-6507
phanes@williamsmullen.com
aburnett@williamsmullen.com

21460866

5

```
F I L E D
OCT 2 9 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA
```

## CERTIFICATE

Addressee: GERALD BENCHETRIT

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,

**1)**   that the document has been served

- the (date)
September 26, 2013 at 3:50 P.M.

- at (place, street, number)
2800, Étienne-Lenoir street, Laval, Québec, Canada

- in one of the following methods authorised by article 5:

[√] **(a)** in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention

[ ] **(b)** in accordance with the following particular method

_____

_____

[ ] **(c)** by delivery to the addressee, if he accepts it voluntarily

The documents referred to in the request have been delivered to:

- (Identity and description of the person)
Mrs. Carolyn Woodruff, logistics coordinator

_____

- relationship to the addressee (family, business or other)
Logistics coordinator

**2)**   that the document has not been served, by reason of the following facts:

_____

_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement

ANNEXES
Documents returned:

-Summary of the Document to Be Served

-Summons in a Civil Action

-Complaint

-Translations
Documents establishing the service

Done at Laval              , the September 26, 2013

Signature and/or stamp

EI-1 (2009-08)

## THE HAGUE
### Convention on the service abroad of judicial and extrajudicial documents
### In civil or commercial matters

UNITED STATES DISTRICT COURT

Civil Action No. 3:13cv313

**LUMBER LIQUIDATORS LEASING, LLC and
LUMBER LIQUIDATORS, INC.**

Plaintiff,

-vs-

**SEQUOIA FLOORINGS, INC.,
DANIEL BENCHETRIT, and
GERALD BENCHETRIT**

Defendant

## AFFIDAVIT OF SERVICE

I, Étienne Bruneau, Bailiff of Justice of the Province of Quebec in Canada, located at 120-A, boul. Curé-Labelle, Laval, Québec, Canada, BEING DULY SWORN, SAYS: That at all times herein Affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made.

1. On September 26, 2013 at approximately 3:50 P.M., I served GERALD BENCHETRIT., with the attached;

- Summary of the Document to Be Served
- Summons in a Civil Action
- Complaint
- Translations

Serving a true copy of the attached documents mentioned above to Mrs. Carolyn Woodruff, logistics coordinator, a person in charge of the place of business at the time of serving;

At: 2800, Étienne-Lenoir street, Laval, Québec, Canada

That I was able to identify the person served by means of verbal acknowledgement.

I declare under penalty of perjury that the foregoing is true and correct.

**Étienne Bruneau, bailiff of justice**

Sworn before me in the City of Laval
In the Province of Québec, Canada
This _____ day of October, 2013

A Commissioner for the Province of Québec   Chantal Larochelle
#193901

APPLICANT IS AUTHORIZED TO SERVE JUDICIAL PROCESS UNDER THE UNITED STATES FEDERAL RULES OF CIVIL PROCEDURE AND UNDER THE RULES OF CIVIL PROCEDURE OF THE STATE OF: Virginia

# REQUEST

# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

## DEMANDE
## AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER
## D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE

**Convention on the Service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matierè civile ou commerciale, signée à La Haye, le 15 Novembrè 1965.*

| Identity and address of the applicant<br>*Identité et adresse du requérant* | Address of receiving authority<br>*Adresse de l'autorité destinataire* |
|---|---|
| **Diane K. Myers**<br>**APS INTERNATIONAL, LTD**<br>**APS International Plaza**<br>**7800 Glenroy Road**<br>**Minneapolis, Minnesota  55439-3122**<br>**U.S.A.**<br>**Tel. 952.831.7776      Fax: 952.831.8150**<br>**Email: DMyers@CivilActionGroup.com** | **MINISTRE DE LA JUSTICE DU QUEBEC**<br>**1200 route de l'Eglise, 2nd floor**<br>**Ste-Foy, Quebec**<br>**Quebec**<br>**G1V 4M1**<br>**Canada** |

The undersigned applicant has the honour to transmit -- in duplicate -- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
(identity and address)
*Le requérant soussigné a l'honneur de faire parvenir -- en double exemplaire -- a l'autorité destinataire les documents ci-dessous énumérés, en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*

(identité et adresse) ___**Gerald Benchetrit**___
___2800 Etienne Lenoir,  Laval, Quebec, Canada, H7R 0A3___
Tel:

[X]  (a)  in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
  a)  *selon les formes légales (article 5, alinéa premier, lettre a).*
[ ]  (b)  in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
  b)  *selon la forme particuliére suivante (article 5, alinéa premier, lettre b):*___

[ ]  (c)  by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.
  c)  *le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents -- and of the annexes* -- with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte -- et de ses annexes -- avec l'attestation figurant au verso.*

**List of documents**
*Enumération des pièces*

Summary of the Document to Be Served
Summons in a Civil Action
Complaint
Translations

Done at _____ , the _9-19-13_
*Fait à* Minneapolis, Minnesota, U.S.A. , *le*

Signature and/or stamp.
*Signature et/ou cachet.*

(Formerly OBD-116 which was formerly LAA-116,      USM-94
both of which may still be used)                 (Est. 11/22/77)

* Delete if inappropriate.
. *Rayer les mentions inutiles*

269806-1

TRIBUNAL DE DISTRICT DES ÉTATS-UNIS

Pour le

Lumber liquidators Leasing, LLC et

Lumber Liquidators, Inc.

_____

*Demandeur(s)*

c.

Sequoia Floorings, Inc.,

Daniel Benchetrit, et

Gerald Benchetrit

_____

*Défendeur(s)*

Action civile nº 3:13cv313

**CITATION DANS LE CADRE D'UNE ACTION CIVILE**

DESTINATAIRE : *(Nom et adresse du défendeur)*

GERALD BENCHETRIT

2800 Etienne Lenoir

Lavel, Québec H7R 0A3

Canada

Une plainte a été déposée contre vous.

Dans les 21 jours suivant la signification de la présente citation (jour de sa réception exclue) – ou 60 jours si vous représentez les États-Unis ou une agence des États-Unis, ou si vous êtes un agent ou un employé des États-Unis décrit dans la Fed. R. Civ. P. 12(a)(2) ou (3) – vous devez signifier au demandeur, une réponse à la plainte ou à la motion ci-jointe conformément à la règle 12 des Règles

fédérales de procédure civile. La réponse ou la motion doit être signifiée au demandeur ou à l'avocat du demandeur dont le nom et l'adresse sont :

W. Alexander Burnett, Esquire

Williams Mullen

P.O. Box 1320

Richmond, VA 23218-1320

(804) 420-6481

Si vous ne répondez pas, un jugement par défaut sera prononcé contre vous pour les mesures de redressement exigées dans la plainte. Vous devez aussi déposer une réponse ou une motion auprès du tribunal.

*GREFFIER DU TRIBUNAL*

Date : 20 mai 2013

Signature

*Signature du greffier ou du greffier adjoint*

TRIBUNAL DE DISTRICT DES ÉTATS-UNIS

POUR LE DISTRICT EST DE LA VIRIGINIE

Division de Richmond

[tampon]

DÉPOSÉ LE

17 MAI 2013

GREFFIER, TRIBUNAL DE DISTRICT DES ÉTATS-UNIS

RICHMOND, VA

LUMBER LIQUIDATORS LEASING, LLC,

et

LUMBER LIQUIDATORS, INC.,

Demandeurs,

c.

SEQUOIA FLOORINGS, INC.,

DANIEL BENCHETRIT, individuellement,

Et

GERALD BENCHETRIT, individuellement,

Défendeurs

[à droite]

Cas nº 3 :13 cv 313

COPIE

## PLAINTE

Les demandeurs, Lumber Liquidators Leasing, LLC (« Leasing ») et Lumber Liquidators, Inc. (« LLI ») (collectivement nommés, « Lumber Liquidators »), par le biais de leur avocat, déposent leur plainte contre les Défendeurs Sequoia Floorings, Inc. (« Sequoia »), Daniel Benchetrit, individuellement, et Gerald Benchetrit, individuellement (collectivement nommés les « Défendeurs ») pour les raisons citées ci-dessous :

## PARTIES

1. Leasing est une société à responsabilité limitée du Delaware dont le siège social est sis à Toano en Virginie.
2. LLI est une corporation du Delaware dont le siège social est sis à Toano, en Virginie. LLI est le seul membre et le gérant de Leasing.
3. Sequoia est une corporation canadienne dont le siège social est sis à Laval, au Québec, dans le pays étranger du Canada.
4. Daniel Benchetrit et Gerald Benchetrit sont des individus qui résident éventuellement au Canada.

## JURIDICTION ET LIEU DE POURSUITE

5. Le présent tribunal a la juridiction pour ce cas conformément au paragraphe 1332(a) de 28 U.S.C. car les Demandeurs sont des citoyens d'un État et les Défendeurs sont des citoyens ou des sujets d'un pays étranger et le montant de la polémique dépasse les 75 000 $, intérêts et coûts exclus.
6. Le lieu de poursuite est adéquat pour ce tribunal conformément aux paragraphes 1391(b)(2) et/ou (3) du 28 U.S.C. et parce que Lumber Liquidators et Sequoia se sont irrévocablement soumis à la juridiction exclusive du présent Tribunal.

## FAITS GÉNÉRAUX

7. Le 28 septembre 2011, Leasing et les Défendeurs ont signé un Contrat d'achat de biens (le « CAB »). Une copie certifiée conforme du CAB est jointe en tant qu'Annexe A à la motion du demandeur de déposer des Annexe sous scellés.
8. Lors de la signature du Contrat d'achat de biens, Leasing a déposé une partie du prix d'achat (la « Somme du compte en fidéicommis ») auprès de la banque SunTrust Bank (l'« Agent fiduciaire »). Cette somme devait être conservée et déboursée conformément au Contrat d'achat de biens et à l'Accord de dépôt fiduciaire (tel que définit ci-dessous).
9. Conformément au Contrat d'achat de biens, les Défendeurs ont accepté d'indemniser Leasing et LLI et de rembourser Leasing et LLI pour toute perte que Leasing et LLI peuvent encourir à la suite de ou en rapport avec toute obligation de tout Défendeur. Voir l'Annexe A à la motion de dépôt des Demandeurs des Annexes sous scellés.
10. En même temps que la signature du Contrat d'achat de biens, Leasing et Sequoia ont aussi signé un Accord de dépôt fiduciaire (« Accord de dépôt fiduciaire »). Une copie certifiée conforme de l'Accord de dépôt fiduciaire est jointe sous l'Annexe B à la motion de dépôt des Demandeurs des Annexes sous scellés.
11. L'Accord de dépôt fiduciaire stipulait que la Somme du compte en fidéicommis serait utilisée pour rembourser Lumber Liquidators pour les sinistres liés aux produits ou pour les obligations d'indemnité des Défendeurs. Voir les Annexes A et B de la motion de dépôt des Demandeurs des Annexes sous scellés.

## CHEF D'ACCUSATION I : INDEMNISATION EXPRESSE

12. Lumber Liquidators incorpore par référence les allégations contenues dans les paragraphes 1 à 11 comme si elles étaient stipulées dans leur intégralité aux présentes.

13. Lumber Liquidators a subi des pertes à la suite des obligations de Sequoia.

14. De manière plus spécifique, Sequoia a fourni, à Lumber Liquidators, des matériaux à la fabrication défectueuse et qui n'étaient pas conformes aux spécifications exigées par Lumber Liquidators. À cause de ces problèmes, Lumber Liquidators a subis des pertes d'un montant de 500 000 $ à la suite de plaintes de clients de Liquid Liquidators découlant directement de ces problèmes liés aux produits de Sequoia (les « Pertes »).

15. Lumber Liquidators a donné aux Défendeurs un avis écrit, dans les délais exigés, et concernant ces pertes.

16. Cependant, les Défendeurs n'ont pas indemnisé Lumber Liquidators pour les Pertes.

17. En conséquence, Lumber Liquidators a averti les Défendeurs et l'Agent fiduciaire quant aux Pertes.

18. En conséquence de ce qui précède, Sequoia, Daniel Benchetrit, individuellement et Gerald Benchetrit, individuellement, sont responsables vis-à-vis de Lumber Liquidators, conjointement mais non solidairement , pour un montant de 500 000 $, en plus des honoraires d'avocats, des coûts juridiques, des dépenses et des intérêts antérieurs et postérieurs au jugement.

### CHEF D'ACCUSATION II : DÉBOURSEMENT DE LA SOMME DU COMPTE EN FIDÉOCOMMIS

19. Lumber Liquidators incorpore par référence les allégations contenues dans les paragraphes 1 à 18 comme si elles étaient stipulées dans leur intégralité aux présentes.

20. En conséquence des Pertes décrites ci-dessus, Lumber Liquidators a des plaintes valides concernant les produits, et, comme cela est décrit aux présentes, les Défendeurs ont l'obligation d'indemniser Lumber Liquidators pour les Pertes.

21. Lumber Liquidators a satisfait toutes les exigences et a réalisé toutes les procédures du Contrat d'achat de biens et de l'Accord fiduciaire pour le déboursement de la Somme du compte en fidéicommis devant être versée à Lumber Liquidators.

22. Cependant, Sequoia a demandé à ce que l'Agent fiduciaire débourse la Somme du compte en fidéicommis et la verse à Sequoia au lieu de Lumber Liquidators.

23. L'Agent fiduciaire détient actuellement la Somme du compte en fidéicommis en attendant l'adjudication des droits de Lumber Liquidators et de Sequoia par un tribunal d'une juridiction compétente conformément aux modalités de l'Accord fiduciaire.

24. Il existe donc un véritable litige relevant de la compétence de la justice entre Lumber Liquidators et Sequoia au sein de la juridiction du présent Tribunal concernant les droits, les obligations, les engagements et les responsabilités des parties aux termes de l'Accord fiduciaire.

25. Lumber Liquidators demande donc à ce que le Tribunal interprète l'Accord fiduciaire et déclare qu'il a le droit de débourser la Somme du compte en fidéicommis afin de satisfaire partiellement les plaintes liées aux produits et/ou les obligations d'indemnisation pour les Pertes de Lumber Liquidators décrites aux présentes.

POUR TOUTES LES RAISONS PRÉCITÉES, Lumber Liquidators Leasing, LLC et Lumber Liquidators, Inc. demandent à ce qu'un jugement soit prononcé contre Sequoia Floorings, Inc, Daniel Inc. demandent à ce qu'un jugement soit prononcé contre Sequoia FLoorings, Inc., Daniel Benchetrit, individuellement, et Gerald Benchetrit, individuellement, conjointement mais non solidairement, pour la somme de 500 000 $, ainsi qu'avec en compagnie des honoraires d'avocats, des coûts juridiques, des dépenses et des intérêts antérieurs et postérieurs au jugement ; et demande respectueusement à ce Tribunal de déterminer et d'attribuer les droits et les responsabilités des parties aux termes de l'Accord fiduciaire et de découvrir et de déclarer que Lumber Liquidators a le droit au déboursement de la Somme du compte en fidéicommis  afin de satisfaire partiellement les plaintes et/ou les Pertes liées aux produits décrits aux présentes ; et pour toute autre mesure de redressement jugée honnête et adéquate par le Tribunal.

LUMBER LIQUIDATORS SERVICES, LLC et LUMBER LIQUIDATORS, INC.

Fait par : Signature

Avocat

Patrick R. Hanes (Numéro d'inscription au barreau 38148)

W. Alexander Burnett (Numéro d'inscription au barreau 68000)

WILLIAMS MULLEN

200 South 10th Street, Suite 1600 (23219)

P.O. Box 1320

Richmond, VA 23218-1320

Numéro de téléphone : (804) 420-6000

Numéro de télécopie : (804) 420-6507

phanes@williamsmullen.com

aburnett@williamsmullen.com

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| Lumber Liquidators Leasing, LLC and<br>Lumber Liquidators, Inc.<br><br><br>_____<br>*Plaintiff(s)*<br>v.<br>Sequoia Floorings, Inc.,<br>Daniel Benchetrit, and<br>Gerald Benchetrit<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. **3:13CV313**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> GERALD BENCHETRIT
> 2800 Etienne Lenoir
> Lavel, Quebec H7R 0A3
> Canada

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> W. Alexander Burnett, Esquire
> Williams Mullen
> P.O. Box 1320
> Richmond, VA 23218-1320
> (804) 420-6481

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: __May 20, 2013__          _____
                              *Signature of Clerk or Deputy Clerk*



FILED
MAY 1 7 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LUMBER LIQUIDATORS LEASING, LLC,                )
                                                )
and                                             )
                                                )
LUMBER LIQUIDATORS, INC.,                       )
                                                )
                                Plaintiffs,     )
                                                )
v.                                              )  Case No. 3:13 cv 3 13
                                                )
SEQUOIA FLOORINGS, INC.,                        )
                                                )
DANIEL BENCHETRIT, individually,                )
                                                )
and                                             )
                                                )
GERALD BENCHETRIT, individually,                )
                                                )
                                Defendants.     )

COPY

## COMPLAINT

Plaintiffs, Lumber Liquidators Leasing, LLC ("Leasing") and Lumber Liquidators, Inc.

("LLI") (collectively, "Lumber Liquidators"), by counsel, file their Complaint against

Defendants Sequoia Floorings, Inc. ("Sequoia"), Daniel Benchetrit, individually, and Gerald

Benchetrit, individually (collectively, the "Defendants"), on the grounds set forth below:

## PARTIES

1.     Leasing is a Delaware limited liability company with its principal place of

business in Toano, Virginia.

2.     LLI is a Delaware corporation with its principal place of business in Toano,

Virginia. LLI is the sole member and manager of Leasing.

3.    Sequoia is a Canadian corporation, with its principal place of business in Laval, Quebec, in the foreign country of Canada.

4.    Daniel Benchetrit and Gerald Benchetrit are individuals who may reside in Canada.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), in that the Plaintiffs are citizens of a State and the Defendants are citizens or subjects of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and/or (3) and because Lumber Liquidators and Sequoia irrevocably submitted to the exclusive jurisdiction of this Court.

## BACKGROUND

7.    On or about September 28, 2011, Leasing and the Defendants executed an Asset Purchase Agreement (the "APA"). A true and accurate copy of the APA is attached as Exhibit A to the Plaintiffs' Motion to file Exhibits Under Seal.

8.    At the closing of the APA, Leasing deposited a portion of the purchase price (the "Escrow Amount") with SunTrust Bank (the "Escrow Agent") to be held and disbursed in accordance with the APA and the Escrow Agreement (as hereinafter defined).

9.    Pursuant to the APA, the Defendants agreed to indemnify Leasing and LLI from and to reimburse Leasing and LLI for any and all losses which Leasing and LLI may incur as a result or in connection with any and all obligations of any of the Defendants. See Exhibit A to the Plaintiffs' Motion to file Exhibits Under Seal.

10.    Simultaneous with the execution of the APA, Leasing and Sequoia also executed

2

an Escrow Agreement (the "Escrow Agreement"). A true and accurate copy of the Escrow Agreement is attached as Exhibit B to the Plaintiffs' Motion to file Exhibits Under Seal.

11.    The Escrow Agreement provided that the Escrow Amount would be used to reimburse Lumber Liquidators for product claims or the indemnity obligations of the Defendants. See Exhibits A and B to the Plaintiffs' Motion to file Exhibits Under Seal.

## COUNT I: EXPRESS INDEMNITY

12.    Lumber Liquidators incorporates by reference the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13.    Lumber Liquidators has suffered losses as a result of the obligations of Sequoia.

14.    Specifically, Sequoia supplied materials to Lumber Liquidators that had various manufacturing related issues and failed to comply with Lumber Liquidators' required specifications. As a result of these issues, Lumber Liquidators suffered losses in the amount of $500,000 due to claims from Lumber Liquidators' customers resulting directly from these issues with Sequoia's products (the "Losses").

15.    Lumber Liquidators gave timely notice in writing to the Defendants of these Losses.

16.    The Defendants, however, failed to indemnify Lumber Liquidators for the Losses.

17.    Thereafter, Lumber Liquidators gave notice to the Defendants and the Escrow Agent of the Losses.

18.    As a result of the foregoing, Sequoia, Daniel Benchetrit, individually, and Gerald Benchetrit, individually, are liable to Lumber Liquidators, jointly and not severally, in the amount of $500,000, together with Lumber Liquidators' attorneys' fees, costs, expenses, and pre-judgment and post-judgment interest.

3

## COUNT II: DISBURSEMENT OF ESCROW AMOUNT

19. Lumber Liquidators incorporates by reference the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. As a result of the Losses which are described above, Lumber Liquidators has valid product claims and, as described herein, the Defendants owe obligations to indemnify Lumber Liquidators from the Losses.

21. Lumber Liquidators has satisfied all requirements and procedures of the APA and the Escrow Agreement for the disbursement of the Escrow Amount to Lumber Liquidators.

22. Sequoia, however, has requested that the Escrow Agent disburse the Escrow Amount to Sequoia instead of Lumber Liquidators.

23. The Escrow Agent is currently holding the Escrow Amount pending adjudication of the rights of Lumber Liquidators and Sequoia by a court of competent jurisdiction pursuant to the terms of the Escrow Agreement.

24. There exists, therefore, an actual controversy of a justiciable issue between Lumber Liquidators and Sequoia within the jurisdiction of this Court regarding the rights, obligations, burdens and liabilities of the parties under the Escrow Agreement.

25. Lumber Liquidators, therefore, requests that the Court interpret the Escrow Agreement and declare that it is entitled to the disbursement of the Escrow Amount in partial satisfaction of the product claims and/or indemnity obligations for Lumber Liquidators' Losses described herein.

WHEREFORE, Lumber Liquidators Leasing, LLC and Lumber Liquidators, Inc. move for judgment against Sequoia Floorings, Inc., Daniel Benchetrit, individually, and Gerald Benchetrit, individually, jointly and not severally, in the amount of $500,000, together with their

4

attorneys' fees, costs, expenses, pre-judgment and post-judgment interest; and respectfully ask this Court to determine and adjudicate the rights and liabilities of the parties under the Escrow Agreement and to find and declare that Lumber Liquidators is entitled to disbursement of the Escrow Amount in partial satisfaction of the product claims and/or Losses described herein; and for such additional relief as the Court deems just and appropriate.

LUMBER LIQUIDATORS SERVICES, LLC, and
LUMBER LIQUIDATORS, INC.

By: _____
                    Of Counsel

Patrick R. Hanes (VSB No. 38148)
W. Alexander Burnett (VSB No. 68000)
WILLIAMS MULLEN
200 South 10th Street, Suite 1600 (23219)
P. O. Box 1320
Richmond, VA  23218-1320
Phone:  (804) 420-6000
Fax: (804) 420-6507
phanes@williamsmullen.com
aburnett@williamsmullen.com

21460866

5