IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| LUMBER LIQUIDATORS LEASING, LLC et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 3:13-cv-00313-JRS ) |
| SEQUOIA FLOORINGS, INC., et al. | ) ) |
| Defendants. | ) ) |
| SEQUOIA FLOORINGS, INC., et al. | ) ) ) ) |
| Counter-Plaintiffs, | ) ) |
| v. | ) ) |
| LUMBER LIQUIDATORS LEASING, LLC et al. | ) ) ) |
| Counter-Defendants. | ) |

## ANSWER AND COUNTERCLAIM

COME NOW Defendants Sequoia Floorings, Inc. ("Sequoia"), Daniel Benchetrit and Gerard Benchetrit[1] (collectively, "Defendants"), by counsel, to answer the Complaint as follows:

### PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, so the same therefore are denied.

---

[1] The Complaint erroneously names a "Gerald Benchetrit."

1

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, so the same therefore are denied.

3. Defendants admit the allegations set forth in Paragraph 3 of the Complaint.

4. Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

6. Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

## BACKGROUND

7. Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants admit pursuant to the Escrow Agreement that a portion of the purchase price was deposited with SunTrust Bank and deny all remaining allegations set forth in Paragraph 8 of the Complaint.

9. Defendants aver that the APA speaks for itself. To the extent Plaintiffs' allegations set forth in Paragraph 9 of the Complaint are inconsistent with the terms of the document, the allegations are denied. Further, Defendants specifically deny LLI is a party to the APA or has any rights thereunder.

10. Defendants admit the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants aver that the Escrow Agreement speaks for itself. To the extent Plaintiffs' allegations set forth in Paragraph 11 are inconsistent with the terms of the document, the allegations are denied.

## COUNT I: EXPRESS INDEMNITY

12. Defendants reaffirm and incorporate their responses to paragraphs 1 through 11 herein.

13. Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants deny that there is any obligation to indemnify Lumber Liquidators and therefore deny all allegations of Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

## COUNT II: DISBURSEMENT OF ESCROW AMOUNT

19. Defendants reaffirm and incorporate their responses to paragraphs 1 through 18 herein.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants admit the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants admit that the Escrow Agent is currently holding the Escrow Amount but denies that it is in accordance with the terms of the Escrow Agreement and denies all remaining allegations set forth in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint states a legal conclusion to which no response is required.

25. Paragraph 25 of the Complaint purports to contain a prayer for relief. Defendants deny that Plaintiffs are entitled to any relief sought therein.

Following Paragraph 25 of the Complaint is an unnumbered paragraph purporting to be a prayer for relief. Defendants deny that Plaintiffs are entitled to any relief sought therein or that there is any cause of action against Daniel Benchetrit or Gerard Benchetrit

who are not parties to the Escrow Agreement. Additionally, Lumber Liquidators, Inc. is not a party to the Escrow Agreement and therefore not a proper plaintiff.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel or waiver.

3. Plaintiffs' claims are barred by Plaintiffs' failure to perform a condition precedent.

4. Some or all of Plaintiffs' claims are barred by Plaintiffs' failure to provide a timely and proper Request pursuant to the Escrow Agreement.

5. This Court lacks subject matter jurisdiction over this action.

6. This Court lacks personal jurisdiction over Defendants.

7. Plaintiff Lumber Liquidators, Inc. lacks standing as it is not a party to the Escrow Agreement or APA and has not suffered any injury or damages as a result of the conduct alleged.

8. Venue does not lie in this Court.

9. The process as to Defendant Gerard Benchetrit was insufficient.

10. The service of process as to all Defendants was insufficient.

11. Plaintiffs have failed to mitigate damages.

12. Failure to join an indispensable party under Rule 19.

13. Defendants reserve the right to assert additional affirmative defenses at a later time in this action.

WHEREFORE, Defendants Sequoia Floorings, Inc., Daniel Benchetrit and Gerard Benchetrit, respectfully request the following relief:

A. Dismiss Plaintiffs' claims with prejudice;

B. Enter judgment in favor of Defendants;

C. Such other relief as this Court deems just and equitable.

## COUNTERCLAIM

COME NOW Defendants Sequoia Floorings, Inc. ("Sequoia"), Daniel Benchetrit and Gerard Benchetrit (collectively, "Counter-Plaintiffs"), by counsel, and state the following in support of its Counterclaim against Lumber Liquidators Leasing, LLC ("Leasing") and Lumber Liquidators Inc. ("LLI") (collectively, "Counter-Defendants"):

1. By asserting claims in this Court, Defendants have subjected themselves to the jurisdiction and venue of this Court.

2. Pursuant to Paragraph 11.4 of the APA, if any proceeding is brought to enforce the APA, the prevailing party is entitled to all reasonable costs and expenses (including reasonable attorneys' fees).

3. As litigation has arisen between the parties regarding the APA, Counter-Plaintiffs, when they prevail on any or all of the claims asserted by Counter-Defendants in this action, shall be entitled to their reasonable costs and expenses from Leasing, including reasonable attorneys' fees, incurred in connection with this litigation.

4. LLI is also liable to Counter-Plaintiffs under the APA to the extent it is asserting a claim under the APA or as a third-party beneficiary.

WHEREFORE, Counter-Plaintiffs Sequoia Floorings, Inc., Daniel Benchetrit and Gerard Benchetrit, respectfully request that upon entry of judgment in their favor against

Lumber Liquidators Leasing, LLC and Lumber Liquidators Inc., on any of the claims set forth in this action, that the Court award Counter-Plaintiffs their costs of litigation, including reasonable attorneys' fees, and such other relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Rachelle E. Hill
William F. Krebs, Va. Bar No. 17347
Rachelle Hill, Va. Bar No. 74996
wkrebs@beankinney.com
rhill@beankinney.com
BEAN, KINNEY & KORMAN, P.C.
2300 Wilson Blvd., Seventh Floor
Arlington, VA 22201
Phone: 703-525-4000
Fax: 703-525-2207
*Counsel for Defendants/Counter-Plaintiffs Sequoia Floorings, Inc., Daniel Benchetrit and Gerard Benchetrit*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 24th day of January 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing to the following:

Patrick R. Hanes (VSB No. 38148)
W. Alexander Burnett (VSB No. 68000)
Andrew O. Matthews (VSB No. 77038
WILLIAMS MULLEN
200 S. 10th Street, Suite 1600 (23219)
P.O. Box 1320
Richmond, VA 23218-1320
Phone (804) 420-6000
Fax: (804) 420-6507
aburnett@williamsmullen.com
phanes@williamsmullen.com
amathews@williamsmullen.com
*Counsel for Plaintiffs/Counter-Defendants*

                              /s/ Rachelle E. Hill
                              Rachelle E. Hill